IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY P. DONOVAN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 14-0353-WS-M |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This closed matter comes before the Court on plaintiff's Motion for Relief from Judgment or Order (doc. 25). The Motion has been briefed and is now ripe.

**I.   Relevant Background.**

Plaintiff, Timothy P. Donovan, Jr., then proceeding *pro se*, brought this action under 42 U.S.C. § 405(g), seeking judicial review of the Social Security Administration ("SSA")'s decision denying his claim for disability insurance benefits. Donovan maintained that he had been wrongfully denied benefits because the SSA failed adequately to consider his severe pain and his inability to work, which purportedly resulted from arthritis in his knees, a bladder stone, and a heart condition. (*See* doc. 13.) Back in October 2014, the Government caused a certified copy of the complete administrative record – including, without limitation, the transcript of Donovan's hearing before an Administrative Law Judge on November 6, 2012 and applicable medical records – to be filed with the Clerk of Court. (Doc. 11.)

Magistrate Judge Milling conducted a hearing in this matter on May 18, 2015, at which time both parties received a full and fair opportunity to set forth their positions on Donovan's claims. On May 19, 2015, the Magistrate Judge entered a Report and Recommendation (doc. 20), in which he recommended that the SSA's determination be affirmed, this action be dismissed, and judgment be entered in defendant's favor and against plaintiff on all claims. In so doing, the Magistrate Judge found substantial support for the SSA's decision that Donovan's subjective complaints of pain did not render him disabled and that, while Donovan could not

perform his past work, he was able to perform different work.  (Doc. 20, at 8-11.)  Donovan submitted a cursory Objection (doc. 21) to the Report and Recommendation on June 5, 2015; however, on June 8, 2015, the undersigned entered an Order (doc. 22) and Judgment (doc. 23) adopting the Report and Recommendation, affirming the SSA's decision, and dismissing this action.

On July 6, 2015, a lawyer filed a Notice of Appearance (doc. 24) on Donovan's behalf, along with a Motion for Relief from Judgment or Order filed pursuant to Rule 60(b)(6), Fed.R.Civ.P.  In that Motion, plaintiff's counsel asks that the June 8 Order and Judgment be vacated because (i) Donovan "was unable to effectively prosecute this action without assistance of counsel;" (ii) Donovan purportedly "was not able to review" the administrative record before litigating this case *pro se*; (iii) the SSA's decision suffered from errors of law and fact, in that the Administrative Law Judge's "residual functional capacity determination at the fifth step of the sequential evaluation process was not supported by substantial evidence;" and (iv) "the initial judgment was manifestly unjust given Plaintiff's *pro se* status and inability to review the transcript of his claim before appearing in Federal District Court."  (Doc. 25, at 1-2.)

**II.     Analysis.**

Plaintiff devotes scant attention to the applicable legal standard governing his Motion for Relief from Judgment filed pursuant to Rule 60(b)(6), Fed.R.Civ.P.  As a matter of well-settled law, "[f]ederal courts grant relief under Rule 60(b)(6) only for extraordinary circumstances." *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1288 (11th Cir. 2000); *see also Booker v. Singletary*, 90 F.3d 440, 442 (11th Cir. 1996) ("The vacation of a judgment under Rule 60(b)(6) is an extraordinary remedy.").  "To warrant relief under Rule 60(b)(6), not only must Plaintiffs show sufficiently extraordinary circumstances, but also that absent such relief, an extreme and unexpected hardship will result." *Doe v. Drummond Co.*, 782 F.3d 576, 612 (11th Cir. 2015) (citation and internal quotation marks omitted).

No extraordinary circumstances have been shown here.  The mere fact that Donovan proceeded through this litigation, from the filing of the Complaint through the entry of Judgment, without the benefit of counsel is neither extraordinary nor manifestly unjust.  *Pro se* litigants routinely appear and prosecute their cases in federal court.  The likelihood that they would have done so more effectively with a lawyer's assistance does not constitute the sort of extraordinary circumstance that might justify vacating a judgment and starting over merely because, after entry

of an adverse judgment, the plaintiff second-guesses his decision to represent himself.  What's more, the administrative record is replete with indicia that Donovan was repeatedly apprised of his right to representation and notified of potential resources for locating counsel, yet he elected to proceed without a lawyer.  (*See* doc. 11, at 24, 68-71, 82-83, 94, 101-02.)

Nor is Donovan's position strengthened by the allegation in the Motion that he was "not able to review" the administrative record during these federal court proceedings.  To be perfectly clear, there is zero evidence that Donovan's ability to review the administrative record was trammeled or compromised in any way at any time.[1]  As noted *supra*, the Government caused the administrative record to be filed with the Clerk of Court back on October 27, 2014, some two and a half months before Donovan's brief was filed and nearly seven months before the Magistrate Judge conducted a hearing in the matter.  During that period, Donovan was free to visit the Clerk's Office at any time, where he could have viewed the administrative record on a public computer terminal at his convenience during regular business hours.  There is no indication that Donovan ever inquired of the Magistrate Judge, the Clerk's Office, the Government or anyone else about his ability to access the record.  Indeed, there is no indication that Donovan desired to peruse the record at all.  He does not identify what he would have looked for, what he would have done differently if he had reviewed the record, or how these proceedings might have unfolded differently had Donovan actually reviewed the administrative record.  In short, all information before the Court is that, if Donovan failed to review the record, it is only because he chose not to do so.  That Donovan and his lawyer, armed with the benefit of hindsight, now question the wisdom of that course of action does not rise to the level of an extraordinary circumstance that might justify the extreme remedy of vacating the Judgment.  Even if it did, plaintiff has made no showing that an extreme and unexpected hardship would attach in the absence of relief; therefore, Rule 60(b)(6) does not present a viable remedy.

---

[1] The supporting Affidavit of Timothy P. Donovan, Jr., does not state that he was prevented or obstructed from reviewing the administrative record.  Instead, the Affidavit provides only that Donovan "did not review the transcript of the tape from my prior hearing on November 6, 2012 with Administrative Law Judge, Tracy S. Guice before proceeding *pro se* with my claim in Federal District Court."  (Doc. 25, Exh. 1.)  Such an omission on Donovan's part does not approach the level of manifest injustice.

Finally, counsel's identification of a brand new (but previously available) ground for challenging the ALJ's determination in this case does not materially bolster the Motion. Of course, it has been routinely observed that motions to reconsider "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5, 128 S.Ct. 2605, 171 L.Ed.2d 570 (2008) (citation omitted).[2] Such motions do not afford an unsuccessful litigant "two bites at the apple." *American Home Assur. Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985). That is precisely what Donovan is requesting here in raising for the first time a challenge to the ALJ's residual functional capacity determination at the fifth step of the sequential evaluation process.

### III.  Conclusion.

For all of the foregoing reasons, plaintiff's Motion for Relief from Judgment or Order (doc. 25) pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure is **denied**.

DONE and ORDERED this 12th day of August, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2]  *See also Smith v. Ocwen Financial*, 2012 WL 3758378, *2 (11th Cir. Aug. 30, 2012) ("A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment.") (citation omitted); *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) (similar); *Kight v. IPD Printing & Distributing, Inc.*, 2011 WL 2015055, *1 (11th Cir. May 24, 2011) (motion for reconsideration properly denied where movant "merely attempted to relitigate old matters and presented evidence that could have been raised prior to the entry of judgment"); *Dyas v. City of Fairhope*, 2009 WL 5062367, *3 (S.D. Ala. Dec. 23, 2009) ("Motions to reconsider … do not exist to permit losing parties to prop up arguments previously made or to inject new ones, nor to provide evidence or authority previously omitted. They do not, in short, serve to relieve a party of the consequences of its original, limited presentation.").